Malcolm v. Honeoye Falls-Lima Education Association Good morning, Your Honors. May it please the Court, my name is Bernice Malcolm, and I'm proceeding in this per se. The District Court heard when it found that, it granted Honeoye Falls-Lima Education Association a summary judgment. They did not, they were not entitled to summary judgment as a matter of law. The Honeoye Falls-Lima Association was the labor union for the bargaining unit for our unit. I was the only female African American member of that unit. The law is clear. Summary judgment can only be granted if there is left no disputable facts. And in this case, there are enormous disputable facts and highly contested. I contest and dispute that the defendants claim they provided me with a fair duty of representation and that they did it in good faith. The union did not file one grievance on my behalf. They violated their own constitution. They violated the collective bargaining. The only unit, the only members that could review a grievance was the Honeoye Falls-Lima, the committee, the labor relation person at that time for New York State United Teachers, and he and Michelle Garvin at the time, not Michelle, Michelle Cardavelli-Bauer at the time, they reviewed all of my claims and decided to marry instead of forwarding my claims to the correct committee. My due process rights were violated under both the 15th and 14th amendments. At the time when I filed my complaint, Christina Agola was my attorney. She was representing me in these matters. Ms. Agola did not prosecute my claims, neither did she defend my claims. She was reprimanded by this court, and at the time that she was reprimanded by this court, she did not include my claim as part of the claims that the court was reviewing in the time span. She eventually would be disbarred by the Fourth Appellant from the practice of law. The New York State United Teachers were served properly at their headquarters in Latham, New York. Mr. Brock himself, the attorney representing in this case, signed the United States Marshal Office to serve the New York State United Teachers, and if Ms. Agola had progressed to the district lower court, that they had been properly served, and pointed out to the district court that in Document 4 that the United States United Teachers were properly served. I thought the record showed that their attorney was served, which is not the way the rule provides. Who do you say was served, Ms. Malcolm? The rule provides that the attorney can also be the person that is served under the rule as long as they was given the authority to sign, and my argument here is that as an attorney of the law, that Mr. Brock signed for the New York State United Teachers, and that he swore that he was signing an acknowledgement as a person to be able to sign for them. The other, this case is based on race. I was, like I said before, I was the only African American in that district for five years, and had done an amazing job, and gotten tenure. When I decided I wanted to become an administrator in an all-white school district, they started to do things against me to keep me from becoming an administrator. So I went to my union for representation, and instead of them representing me, they decided to get on and conspire with the Johannia Falls Elementary School District. And if it pleases the court, in, it's over here, sorry. The union claimed that I never would give them the materials that they asked for or the information that they asked for, but in my brief on page 23, I talk about the fact that in her affidavit, Michelle Bauer said that throughout the time that she was consulting with them, but she said, Bernice have done what I requested in providing all the documentation. Then she goes on to say, one more thing, am I going to be sued by Bernice if I do not handle all this correctly? I have documented everything, but if I'm missing something, I'm getting nervous. And William Garvin, who was the labor relation person at that time, said, after reading her responses, I think this stuff should all go to the grievance committee, because the grievance committee was the only committee that could decide the merits of my grievances. But instead of forwarding all that to the grievance committee, they decided to go through it, decide themselves the merit of my complaints. Ms. Malcolm, now, we've let you go well past your time, but you said you wanted to reserve two minutes in rebuttal. Yes. You can keep going for another two minutes, or you can save it until after you've heard your adversary. Which would you rather do? I'll reserve. Okay. Thank you. Good morning, Your Honors. Good morning, Mrs. Malcolm. Anthony Brock on behalf of the Honeoye Falls Lima Education Association. Back in 2008, the HFL-EA was served with Mrs. Malcolm's complaint, and they looked at it, and they said to themselves, we did everything we thought we could do to assist her with these grievances, and since that time, they've made that argument before New York State Supreme Court, the Appellate Division Fourth Department, the District Court, and various motions, and now before this Court. And through that entire process, all Mrs. Malcolm has been able to come up with in support of these various complaints are conclusory allegations that this Court has said repeatedly are insufficient to defeat a motion for summary judgment. Now, what we put before Judge Feldman were five affidavits from people specifically involved, and those affidavits enclosed all of the documentation between the HFL-EA and Mrs. Malcolm regarding the various And he did an excellent job going through this at pages 69 to 80 in the appendix. Going through each complaint, in looking at what the HFL-EA did in response to those various complaints by Mrs. Malcolm, and he concluded that there was no evidence of discrimination. All there are are these conclusory allegations, and even in her oral argument just now, she wasn't able to point to any part of the record that a reasonable juror could look at and somehow decide in her favor on that issue of racial discrimination or any type of discrimination. If you take a look at pages 69 through 80 of the record, you'll see what Judge Feldman saw. Specific responses that the HFL-EA took. Now, they may have decided there was no grievance on a particular issue, but they decided that because Mrs. Malcolm failed to provide any evidence supporting a grievance or they determined her complaints were outside the collective bargaining agreement. I was a little confused about the status of the counseling memos and the grievances that Mrs. Malcolm hoped the union would file on her behalf and whether the union, in fact, had the counseling memos or did not. Could you enlighten me as to the state of the record on that? Is there agreement there that the union had what it needed? I think that's what Mrs. Malcolm was just saying. Or were there some documents that the union did not have? I believe it's in the Young Affidavit that he sent e-mails to Mrs. Malcolm asking for the specific letters that she was complaining about so they could make a determination as to whether or not. There's a case from the New York Court of Appeals, Board of Education v. Holt, that essentially defines those types of letters that can be placed in an employee's personnel file versus a letter of reprimand that Mrs. Malcolm would have been entitled to an Education Law Section 3028 hearing if that was going to be placed in her file. And they wanted those letters to determine is this a Holt letter, which they can do, or is it really a letter of reprimand. And my understanding through Mr. Young's affidavit  Mrs. Malcolm says, though, in her affidavit that she said, you're welcome to look at my personnel file. Would that not have been enough for the union? No. Typically the union cannot go into the personnel file without the employee there or without written agreement, and I don't think that was ever provided. So the situation, I want to be sure I understand it, is that Mrs. Malcolm's comparator, the white male teacher who there was a grievance filed for based on his unauthorized absence from the classroom, he had received a letter of reprimand, correct? Yes. All right. And I'm looking now at language from the Garvin affidavit. There there's a suggestion that they didn't get a copy of the memo which pertained to Mrs. Malcolm's unauthorized classroom absence, and so you didn't know whether it was, as you put it, a counseling memo or a letter of reprimand. She says in her affidavit she gave you copies of two other counseling letters, but this one you never got a copy of about the unauthorized classroom absence? I don't believe so. That's my understanding of the record. That was what I understood. I just wanted to make sure I had the documents right in my mind. Okay. And I don't think she put that before the court, copies of those letters that she was complaining about. I'm looking at the affidavits and the materials we did have and was trying to figure out what was what. I understand. Anything else? There is not. Thank you. Thank you. All right. Mrs. Malcolm, you have two minutes. In regard to the letters, letters of memorandum in reference to Dave Young's affidavit, Dave Young was not the FHLE president at that time. Well, what about this letter about unauthorized classroom absence? Was it a letter of reprimand or a counseling memo? I believe there was like three different counseling memos. The union had copies of all of those. Right. But a counseling memo, as I understand it, you tell me if I've misunderstood. Yes, ma'am. Is not something that you can complain about because they have a right to put that in your file. It would be a reprimand letter they couldn't put in your file without you having the right to a grievance proceeding. So this was a counseling memo? Reprimand counseling memos. Well, they're different. They were reprimanding me. They put all those letters in my file. And just like I read prior to, Ms. Cheryl Cardobelli said that I gave her everything, and I did. I gave the union everything they asked me for, and they still did not do nothing. They still did not forward. They knew the procedure to forward my grievances to the committee, and they didn't do that. That alone is reversible error. They didn't do anything for me. The other thing is the case came down to credibility. The affidavits that Mr. Brock referred to, the witnesses and defendants in those affidavits, they lied about the fact that they were trying to help me. They did not even try to help me. They didn't do nothing. All the other, even for instance, in a case, Susan Brunson, she was a white tenured teacher who the district said that she needed to consent to a medical evaluation. She would not consent to a medical evaluation. They did not even bring 3028 charges against her. They allowed her to retire, but they brought 30 charges, 38 charges against me. They brought two sets of 3028 charges against me in the history of that school. But what I want to conclude with is that the Fifth Circuit has said that in Heinsohn v. Carver and Shaw that they reminded courts, district courts, that authenticity and credibility must be reserved for a jury to resolve. And I believe that this case should be remanded back to the district court on the facts so that it can be resolved. I think a jury should be resolved, and I think a reasonable jury, knowing what I've presented in regard to the fact that in all the, everything that I've presented, race played a part in what happened here. Thank you, Your Honor, I appreciate it. Thank you to both sides. We're going to take the case under advisement, and we'll try and get you a decision as soon as we can.